UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ISIS S. MUCENIEKS, for herself
and on behalf of others similarly situated,

    Plaintiff, (s)

v.

COIGNFRA CO.,
d/b/a EMEDE ELECTRIC,
and OMAR RAFAEL PUCCIARELLI,
individually,

    Defendants,

_____ /

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

    COMES NOW the Plaintiff ISIS S. MUCENIEKS, for herself and on behalf of other similarly situated individuals, by and through the undersigned counsel, hereby sue Defendants COIGNFRA CO., d/b/a EMEDE ELECTRIC, and OMAR RAFAEL PUCCIARELLI, individually, and alleges:

### INTRODUCTION

1. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

2. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay the Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

## JURISDICTION AND VENUES

3. This is an action to recover money damages for unpaid half-time overtime wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

4. The venue is proper in this Court because all the actions raised in this complaint took place in Dade County, Florida, within the jurisdiction of this Court.

## PARTIES

5. At all times material to this action, Plaintiff ISIS S. MUCENIEKS was a resident of Dade County within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act.

6. Corporate Defendant COIGNFRA CO., d/b/a EMEDE ELECTRIC (hereinafter EMEDE ELECTRIC, or Defendant) is a Florida Profit Corporation. Defendant has a place of business in Dade County, Florida. Defendant is engaged in interstate commerce.

7. The individual Defendant OMAR RAFAEL PUCCIARELLI was and is now the partner/officer and operator of EMEDE ELECTRIC. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

8. All the actions raised in this complaint took place in Miami Beach, Dade County, Florida, within this Court's jurisdiction.

## GENERAL ALLEGATIONS

9. This cause of action is brought by Plaintiff ISIS S. MUCENIEKS as a collective action to recover from Defendants EMEDE ELECTRIC and OMAR RAFAEL PUCCIARELLI unpaid half-time overtime compensation, liquidated damages, costs, and reasonable

attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"). Plaintiff also brings this action on behalf of all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after May 2018, (the "material time") without being adequately compensated.

10. Defendant EMEDE ELECTRIC is a manufacturer and distributor of industrial electrical equipment and supplies. Defendant has offices and a warehouse located at 5411 NW 72nd Avenue, Florida 33166, where Plaintiff and other similarly situated individuals worked.

11. Defendants EMEDE ELECTRIC, and OMAR RAFAEL PUCCIARELLI employed Plaintiff ISIS S. MUCENIEKS from approximately May 2012 to March 12, 2021, or more than 8 years. However, for FLSA purposes, Plaintiff's relevant period of employment is 147 weeks.

12. Plaintiff was hired as a non-exempted, full-time, hourly employee. Plaintiff had clerical duties, but she also worked in the warehouse, receiving, packing, driving a forklift, cleaning the facilities, and performing general warehousing work.

13. During her relevant time of employment, Plaintiff was paid as follows: from May 20, 2018, to approximately June 30, 2019 (58 weeks) Plaintiff was paid at the rate of $625.00 weekly; from July 01, 2019, to her termination on March 12, 2021, (89 weeks), she was paid at the rate of $1,000.00 weekly.

14. During her relevant employment period with Defendants, Plaintiff had a regular schedule. Plaintiff worked five days per week from 9:00 AM to 7:30 PM (10.5 hours every day). Plaintiff worked a minimum average of 52.50 hours weekly. Plaintiff was not able to take bonafide lunch periods.

15. In addition to the hours worked at Defendants' warehouse, Plaintiff had to work at home making telephone calls and completing office work, a minimum of 8 hours per week. These hours constitute additional off-the-clock overtime hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate.

16. Thus, Plaintiff regularly worked a total of 60.5 hours weekly. Plaintiff received the same amount as a salary every week regardless of the number of days and hours worked.

17. Plaintiff did not clock in and out, but the Defendants were in complete control of Plaintiff's schedule, and they were able to keep track of the time worked by Plaintiff and other similarly situated individuals.

18. Therefore, Defendants willfully failed to pay Plaintiff for all her overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

19. Plaintiff was paid bi-weekly with checks and paystubs that did not show the number of days and the actual number of hours worked every week.

20. Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate of unpaid overtime hours based on her best recollections.

21. On or about March 12, 2021, Plaintiff was fired due to discriminatory reasons. Plaintiff is in the process of filing her Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC).

22. Plaintiff ISIS S. MUCENIEKS seeks to recover half-time overtime wages for every hour worked over 40 in a week for all the relevant weeks that she worked for Defendants, liquidated damages, costs, attorney fees, and any other relief as allowable by law.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;

## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

23. Plaintiff ISIS S. MUCENIEKS re-adopts every factual allegation stated in paragraphs 1-22 above as if set out in full herein.

24. This action is brought by Plaintiff and those similarly situated to recover from the Employers EMEDE ELECTRIC unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of her employees for a workweek longer than 40 hours unless such employee receives compensation for her employment in excess of the hours above specified at a rate not less than one and a half-time the regular rate at which she is employed."

25. At all times material to this action, Defendant was and continue to be an enterprise engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant manufactures and distributes industrial electrical equipment and supplies, and through its business activity, it affects interstate commerce. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. The annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

26. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff had office and warehouse duties, and through their daily activities, Plaintiff and those similarly situated, regularly, handled, or otherwise worked on goods and/or materials produced for

commerce and moved in interstate commerce at any time in business. Therefore, there is FLSA individual coverage.

27. Defendants EMEDE ELECTRIC, and OMAR RAFAEL PUCCIARELLI employed Plaintiff ISIS S. MUCENIEKS from approximately May 2012 to March 12, 2021, or more than 8 years. However, for FLSA purposes, Plaintiff's relevant period of employment is 147 weeks.

28. Plaintiff was hired as a non-exempted, full-time, hourly employee.

29. During her relevant time of employment, Plaintiff was paid as follows: from May 20, 2018, to approximately June 30, 2019 (58 weeks) Plaintiff was paid at the rate of $625.00 weekly; from July 01, 2019, to her termination on March 12, 2021, (89 weeks), she was paid at the rate of $1,000.00 weekly.

30. During her relevant employment period with Defendants, Plaintiff had a regular schedule. Plaintiff worked five days per week from 9:00 AM to 7:30 PM (10.5 hours every day). Plaintiff worked a minimum average of 52.50 hours weekly. Plaintiff was not able to take bonafide lunch periods.

31. In addition to the hours worked at Defendants' warehouse, Plaintiff had to work at home making telephone calls and completing office work, a minimum of 8 hours per week. These hours constitute additional off-the-clock overtime hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate.

32. Thus, Plaintiff regularly worked a total of 60.5 hours weekly. Plaintiff received the same amount as a salary every week regardless of the number of days and hours worked.

33. Plaintiff did not clock in and out, but the Defendants were in complete control of Plaintiff's schedule, and they were able to keep track of the time worked by Plaintiff and other similarly situated individuals.

34. Therefore, Defendants willfully failed to pay Plaintiff for all her overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

35. Plaintiff was paid bi-weekly with checks and paystubs that did not show the number of days and the actual number of hours worked every week.

36. The records, if any, concerning the number of hours worked by Plaintiff ISIS S. MUCENIEKS and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief.

37. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

38. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

39. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's reasonable faith estimate of unpaid overtime wages are as follows:

    *Please note that these amounts are based on a preliminary calculation that could be subject to modification as discovery could dictate.

    a. <u>Total amount of allegedly unpaid overtime wages</u>:

       Twenty-One Thousand Two Hundred Thirty-Six Dollars and 48/100 ($21,236.48)

    b.  <u>Calculation of such wages:</u>

       Total time of employment: More than 8 years
       Total relevant period of employment: 147 weeks
       Total hours worked: 60.5 hours
       Total number of unpaid O/T hours: 20.5 hours

       1.- Overtime from May 20, 2018, to June 30, 2019=58 weeks

       Relevant weeks: 58 weeks
       Total hours worked: 60.5 hours
       Total number of unpaid O/T hours: 20.5 hours
       Salary: $625.00 weekly:60.5 hours=$10.33
       Regular rate: $10.33 x 1.5=$15.50 O/T rate-$10.33=$5.17 half-time difference

       Half time $5.17 x 20.5 O/T hours=$105.99 weekly x 58 weeks=$6,147.42

       2.- Overtime from July 01, 2019, to March 12, 2021=89 weeks
       Relevant weeks: 89 weeks
       Total hours worked: 60.5 hours
       Total number of unpaid O/T hours: 20.5 hours
       Salary: $1,000.00 weekly:60.5 hours=$16.53
       Regular rate: $16.53 x 1.5=$24.80 O/T rate-$16.53=$8.27 half-time difference

       Half time $8.27 x 20.5 O/T hours=$169.54 weekly x 89 weeks=$15,089.06

       Total #1, and #2: $21,236.48

    <u>Nature of wages (e.g., overtime or straight time):</u>

       This amount represents the unpaid half-time overtime wages.

40. At all times material, the Employer/Defendant EMEDE ELECTRIC failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that, Plaintiff and those similarly situated performed services and worked over the maximum hours provided by the Act. Still, no provision was made by Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

41. At times mentioned, individual Defendant OMAR RAFAEL was, and is now, the owner/director and manager of Defendant Corporation EMEDE ELECTRIC. Individual Defendant OMAR RAFAEL PUCCIARELLI had absolute operational control of EMEDE ELECTRIC. Individual Defendant, OMAR RAFAEL PUCCIARELLI, was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interest of EMEDE ELECTRIC concerning its employees, including Plaintiff and others similarly situated. He is jointly and severally liable for Plaintiff's damages.

42. Defendants EMEDE ELECTRIC and OMAR RAFAEL PUCCIARELLI knew and showed reckless disregard of the Act's provisions concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly situated are entitled to recover double damages.

43. Defendants EMEDE ELECTRIC and OMAR RAFAEL PUCCIARELLI willfully and intentionally refused to pay Plaintiff overtime wages as required by the United States law and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

44. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorney's fees.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff ISIS S. MUCENIEKS and those similarly situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff ISIS S. MUCENIEKS and other similarly situated and against

the Defendant EMEDE ELECTRIC based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ISIS S. MUCENIEKS and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

DATED: May 31, 2021

                                            Respectfully submitted,

                                            By: **/s/ Zandro E. Palma**
                                            ZANDRO E. PALMA, P.A.
                                            Florida Bar No.: 0024031
                                            9100 S. Dadeland Blvd.

Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*